Good morning, Your Honors. May it please the Court, Aaron Snyder for Appellant Adrian Nature. I would like to reserve two minutes for rebuttal. All right. As you were shown, we don't give too much to that, but we'll try to help. Understood. The trial court in this case convicted Mr. Nature of an offense that includes, as an element, presence in a park area. The parties are in agreement that Mr. Nature was not in a park at the time of the offense. Rather, he was in the El Portal Administrative Site, an area located outside the western boundary of Yosemite National Park. Well, I'm not sure that he was convicted for being in a park area. I think he was convicted for being in the administrative site. 36 CFR section. I mean, I'm just trying to make sure that I'm understanding what you're saying. Now, you might argue that the administrative site also has to be a park area, but there's another side to that issue. 36 CFR section 34.5B21 is the specific regulation under which Mr. Nature was convicted. All that regulation does is say that 36 CFR section 2.35C applies in El Portal. However, when we look at the plain language of section 2.35C, it includes, as an element of the offense, presence in a park area. Well, but that skips the thing that I'm getting you back to think about. It says that the secretary, and I'm back to 16 U.S.C. 47.1E, says the secretary shall have supervision, management, and control of the Yosemite National Park. In fact, the El Portal shall not be part of the park, but the secretary will have control of El Portal and shall publish such rules and regulations as he deems necessary and proper. Then it says that the regulations for protection of these will then be within an administrative site and then suggests in 34.5 that the following sections and paragraphs of the chapter apply to the administrative site and are hereby incorporated and made part of this park except as modified by regulations in this park, and there are no regulations in this park which modify it. So there I am. I'm just saying all these regulations that would deal with whatever is going to take place in this administrative site I can find in 235, but it doesn't say 235 controls it at all. All it says is you'll find the regulations, and in fact, if I look at these and I go to alcohol, there it is, what we're going to do about alcohol, and that alcohol is incorporated into 34.5. So what's your problem? It doesn't have anything to do with park area. When we look at the plain language of 2.35c, there is an element that requires presence in a park area. But wouldn't that make this whole regulation, the whole system of regulations that the Secretary enacted for El Portal empty because they would never apply? Any of the specific regulations that the Secretary of the Interior attempted to incorporate that includes as an element presence in a park area would not be valid. There would be no way of any person violating that regulation. That's not all of the regulations that the Secretary listed. But it's a lot of them, and that doesn't really make sense, right? I mean, that can't possibly be what the Secretary meant when carrying out the authority Congress gave. I have no doubt that the Secretary of the Interior intended to prohibit the public drunkenness conduct, that issue here in this case. But the Secretary of the Interior failed to accomplish that goal. All you're suggesting is that if I read 2.35, that I can't read it without suggesting that what 34.5 incorporated therein had to also incorporate therein the presence in a park area. Isn't that what you're suggesting? Yes. But I don't find that anyplace. In fact, it says, I'm going to take all these sections. I'm going to apply them to the administrative site. And if I want to modify them, I will. But one of the regulations which deals with alcohol or controlled substance is right there. And we know what this regulation would be. And it might be also applicable to that which applies in 2.35, because then it would be in a park area. But it's also applicable to those which are in the administrative site. It's problematic that the Secretary of the Interior did not simply rewrite the statute, though, and take out presence in a park area. Right now, the regulation, as part of its plain language, has that element of presence in a park area. Well, so even if we accept that, isn't this either a park purpose or an administrative purpose? It's really hard to understand how El Portal, which is there to support Yosemite, isn't either for a park purpose or another purpose. So, again, if we look at basic rules of statutory construction, the Supreme Court has counseled that courts are to construe statutes in a way that doesn't render language surplusage or redundant. But you were just saying a minute ago that the whole regulation would be surplusage under your reading. So either this little bit might be surplusage or the entire thing is surplusage. And isn't it better to make the little bits surplusage? No. In this case, when we're looking at the definition of park area, what we're really doing is construing a congressional statute. So the definition of park area is contained in the regulations, but it's merely restating the terms of a statute, which is 54 U.S.C. section 100501. So when we're conducting that interpretation, we're interpreting Congress's words to determine what Congress meant to include as part of the national park system, what constitutes a park area. Now, the Secretary of the ---- I'm sorry. Go ahead, Your Honor. Yeah. I think you're repeating yourself. Could I get to another issue? Are you taking the position that the statute does not ---- that statute prohibits the Park Service from adopting the substance of the Yosemite regulations? No, Your Honor. We did raise a second argument in our opening brief. I did not address that argument in my reply brief, and I have elected not to. We conceded the issue in the trial courts. I don't know why it's coming back up to us now. I have elected not to pursue that argument further today. So we are not arguing that the Secretary ---- Conceded. It was conceded in the trial court. The Secretary of the Interior ---- We're not arguing that the Secretary of the Interior lacks the authority to prohibit the type of conduct at issue in this case. All the Secretary of the Interior has to do is adopt a regulation that's in the park applicable to the park and say it's now applicable also to the administrative unit. You don't disagree with that? No. I believe that the Secretary of the Interior could have prohibited the conduct at issue here. The Secretary of the Interior ---- By merely adopting what's applicable in the park area. The Secretary of the Interior needed to rewrite the regulation here, though, because 2.35 ---- Rewrite or just adopt? Here, the Secretary of the Interior cannot adopt 2.35c and make it applicable in the El Portal Administrative Site because 2.35c has, as ---- By the plain language, has as an element presence in a park area. And the El Portal Administrative Site is not a park area. Well, by he's just changing the wording. It does apply in the administrative unit because he's adopted and made it apply. But the Secretary of the Interior did not make that modification. Let me go at this a different way. I've heard your argument now this way. Do I own a deference to the agency interpretation of its statute, Chevron deference? No. In this particular case, we're interpreting what it means to be a park area and because ---- If it's that ambiguous whether the park area is a part of the whole, why do I not owe the agency some Chevron deference on determining whether park area is a part or not? Because Congress has not delegated to the Secretary of the Interior the ---- Well, but just a minute. Congress has delegated to ---- Congress is the one who has put this statutory complex together and I have a case of Chevron directly in front of me that says if a statute is ambiguous and the agency tells me what it's supposed to be suggesting, that unless it's totally out of the ordinary, I'm supposed to follow the agency. That's Chevron. So why wouldn't I give Chevron deference here?  Okay. Congress alone has that authority. If that's your best answer. If I can't give Chevron deference, how about air deference? A-U-E-R. Again, it's a similar response here because ---- So your response is always, well, the Secretary didn't get the authority to do it and so therefore it can't be done? Right. The Secretary is simply restating the terms of a statute. What do I do with that statute that I read to you, 47.-1E, where it says the Secretary shall have supervision, management and control and shall make and publish such rules and regulations as he may deem necessary and proper for its use and management. If that doesn't give him the control that you say he doesn't have. Again, the Secretary of the Interior has the authority to prohibit the type of conduct at issue here. The question is whether the Secretary of the Interior succeeded in that effort. Again, this is a criminal statute. Criminal defendants have a due process right to notice. They have a due process right to have the government prove beyond a reasonable doubt each and every element of the offense. The language of the regulation matters, particularly in the criminal context. And so your due process argument is basically that someone who saw the set of regulations for El Portal and says that those say you can't have alcohol would not understand that those applied in El Portal, and there is, therefore, a due process problem? My due process argument is that we look at the plain language of the statute that matters, and here, looking at the plain language, there is an element that requires presence in a park area. Mr. Nasr was not in a park area. He was in the El Portal administrative site. And that is why I'm here. We've heard your argument. We understand it. Thank you. We'll turn it to the government. Thank you. Thank you. Good morning, members of the Court. My name is Michael Tierney. I'm an assistant U.S. attorney in Fresno, and I represent the United States this morning. One night in September 2015, defendant Adrian Nature was dangerously drunk in a public area of El Portal. That danger to public safety is precisely the type of thing that the Secretary of the Interior had the authority to prohibit, and it's exactly the type of public safety danger that the Secretary did prohibit. The regulation was valid, and Nature's conviction should be affirmed. Now, members of the Court, I think I— What do you got to do with this idea that she's put before us so you can make your best argument that because this isn't present in a park area, that it doesn't apply? It is in a park area, Your Honor, and the way that— Well, it isn't in a park area because the place we have here is El Portal, and it isn't part of the park nor subject to the laws of the park. That's true, that it's not in the park. But in 1986, when the Secretary developed rules for El Portal, it chose—the Secretary chose a whole bunch of provisions from the generally applicable park rules that would apply in El Portal. Lots of those things, from boating rules to traffic regulations to this, the provision that Mr. Nature was convicted under, had the term park area in them. And so when the Secretary took those over, they had park area in them. And the Secretary also said that all of the definitions in the Code of Federal Regulations, Section 1.4, apply in the administrative site. And one of those was park area. And so what the Secretary was saying was that we're going to use all these regulations and we're going to use the terms found in them, including park area, and so park area applies in the administrative site. So the fact that it is— And is your argument it's because it's for a park purpose because it's supporting the park, and that's how you get in the definition? Absolutely, Your Honor. And I think, as you pointed out with opposing counsel, that's baked right into the statute. Right at the beginning of 16 U.S.C. Section 47-1, it says, well, what are we going to do here? To enable the Secretary of the Interior to preserve the extraordinary natural qualities of Yosemite National Park, the Secretary of the Interior is authorized to establish El Portal in order that the utilities, facilities, and services required in the operation and maintenance of the park be located there. So it really does two things. First of all, El Portal helps run the park because all that stuff that the park needs to run is located in El Portal. And two, it keeps the park beautiful because otherwise, all that stuff would have to be located in Yosemite Valley, which is very small, and congested already with a lot of visitors every year. Do you think we need Chevron deference? I don't think that we do, Your Honor. I think the plain language of the statute is enough to affirm Mr. Nature's conviction because the authorizing statute, as again you discussed with opposing counsel, says that the Secretary of the Interior has the authority over the site and can make rules that are necessary and proper. And as I said at the beginning of my argument, this is exactly that type of danger that a person owning land would have the authority to prohibit. As the Secretary said in 1986 when he adopted the regulations for El Portal, listen, this is a visitor management area, it's got administrative services, so of course it makes sense that you wouldn't want to have someone who's publicly and dangerously drunk running around that site without the person who owns it, the Secretary of the Interior, being able to prohibit it. So we think that the plain language of the statute applies and can uphold the conviction based on that. We do think that if the court finds that there's any ambiguity in the statute, Chevron deference would apply, but it's not necessary to use either Chevron deference or our deference. I'm glad you said our. I only spelled our because for motto you say it and they don't know whether I'm saying our or our or what, so I spelled it so that that would happen, so I'm glad you pointed it out. I have some German heritage, so I would always say our. I hope it's right. Unless the court has any other questions for me, then I'll yield back the balance of my time. Thank you. Thank you very much. I think you had all your time. Thank you very much, and I think we understand your argument. Appreciate you very much. Case 17-10161, United States v. Nature, is submitted.
judges: Wallace, N.R. Smith, Friedland